1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| RUBEN MIJEL CHAVIRA,<br>CDCR #F-33253,<br><br>                                Plaintiff,<br><br>vs.<br><br>R.M. ALVAREZ, et al.,<br><br>                              Defendants. | Civil No.  12cv0941 LAB (PCL)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**(ECF No. 2)** |
|---|---|

      Ruben Mijel Chavira ("Plaintiff"), a state inmate currently incarcerated at Kern Valley State Prison in Delano, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California on April 10, 2012.

      United States District Judge Claudia Wilken determined that because Plaintiff's claims appear to have arisen while he was incarcerated at Calipatria State Prison, venue in the Northern District was improper; therefore, on April 13, 2012, she transferred the case to the Southern District of California pursuant to 28 U.S.C. § 1406(a) (ECF No. 4). Plaintiff has also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

/ / /

/ / /

# I.

## MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a *certified copy* of his prison trust account statement for the *6-month period immediately preceding the filing of his Complaint* to either one. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a *certified* copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding

the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).  Moreover, the "Certificate of Funds" attached to his Motion–which must be signed by an officer authorized by the institution to certify that the trust account statement provided is a "true and correct copy" of the prisoner's assets–is not signed by any correctional officer.  (ECF No. 2 at 7.)

Thus, because Plaintiff's trust account statements do not cover the 6-month period preceding the filing of his Complaint, and his Certificate of Fund is not properly certified as required by 28 U.S.C. § 1915(a)(2), the Court cannot accurately assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP (ECF No. 2) is DENIED and the action is DISMISSED without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(2) Plaintiff is GRANTED an additional forty-five (45) days from the date of this Order to either:  (a) pay the entire $350 filing fee, **or** (b) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  However, if Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a properly certified copy of his trust account statement within 45 days*, this action shall remained closed without further Order of the Court.

DATED:  April 18, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge